IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY DEFENSE PROJECT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-1466 |
| DALE BOSWORTH, Chief UNITED STATES FOREST | ) |
| SERVICE; DEVIN B. ELLIOTT, Forest Supervisor; | ) |
| JOHN SCHULTZ, District Ranger and LEON | ) |
| BLASHOCK, District Ranger, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **MEMORANDUM ORDER OF COURT**

Plaintiff, Allegheny Defense Project ("ADP"), has filed a Motion for Preliminary Injunction (Docket No. 28) requesting this Court to restrain "Defendants from further implementing the proposed 19 individual salvage logging projects"[1] until the final decision in this case is issued. (Docket No. 28, p. 1). ADP claims that "[w]ithout a

---

[1] The proposed 19 individual salvage logging projects include: FR 191*, FR 395/396*, FR 468/594*, South of KEF*, Thad Shanty*, James City$, Windy City$, West 127%, FR 216#, FR 631/727#, and West Salmon salvage logging projects in the Marienville Ranger District of the Allegheny National Forest*; and the Bull North (Sheriff Central*, Bull North Blowdown), Bull South (FR 254+, FR 117#, Sheriff Central+), FR 252 (Blowdown*, Removal AV), West Branch Tionesta Creek#, Mudlick@, Lewis*, Guffey@, and Chappel salvage logging projects in the Bradford Ranger District of the Allegheny National Forest#.

The projects with * symbol have already been completed.
The projects with a + symbol denote projects where the unit has been completed.
The projects with a % symbol denote those projects where the harvesting is complete and tree removal is underway.
The projects with a @ denote inactive projects where harvesting has not yet started.
The projects with a # symbol denote active projects where harvesting is ongoing.
The projects with a $ symbol denote projects where bids have opened but an award has not be given yet.

This data is as of April 8, 2005. The parties represented at the hearing on this matter on July 28, 2005, that 5 projects are active and two may start in the next few months.

preliminary injunction, the Forest Service will continue logging and performing other ground-disturbing activities in the Bradford and Marienville Ranger Districts of the Allegheny National Forest." *Id.* at 2. The "failure to grant an injunction will mean that the public's legal rights under environmental and forest management laws are emasculated and that publicly-owned forests, wildlife habitat, and other public values of these public lands will be diminished and destroyed...." *Id.* The Defendants and Intervenors filed responsive briefs. (Docket Nos. 38 and 42). A hearing on this matter was held on July 28, 2005.

The four factors to be weighed in determining a preliminary injunction include:

> a) The likelihood of success on the merits;
> b) The possibility of harm to the non-moving party if relief were granted;
> c) The probability of irreparable injury to the moving party in the absence of relief; and
> d) The public interest.

*Alessi v. Commonwealth of Pennsylvania Dept. of Public Welfare,* 893 F.2d 1444, 1447 (3d Cir. 1990). Plaintiff must prove by clear and convincing evidence that the remedy is appropriate. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). If the moving party fails to succeed in demonstrating the likelihood of success on the merits, it is not necessary for this Court to engage in an analysis of the balancing of the harms. *Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc.,* 902 F.2d 222, 232 n. 13 (3d Cir. 1990).

ADP believes that it will be able to establish that Defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §4332, by improperly excluding

from NEPA process 19 decisions to log approximately 1700 acres of salvage as the result of a single storm event.  "The thrust of ADP's argument on the merits is that the Forest Service conducted an internal analysis that it withheld from Plaintiff, that amounted to the NEPA equivalent of closing the gate after the hog got out." (Docket No. 29, p. 4).  However, under the deferential standard of review, at this juncture, I cannot conclude by clear and convincing evidence that the decisions of the Defendants were arbitrary and capricious.  This is not to say that Defendants will ultimately prevail in this case.    Consequently, in consideration of the parties' desire to rule upon the preliminary injunction prior to ruling on the simultaneously filed Motion for Summary Judgment, and based on the limited review of the evidence and law presented in this case, the Court finds that ADP has not shown, by clear and convincing evidence, that it is likely to succeed on the merits.  As a result, I need not engage in an analysis of the balancing of the harms.

THEREFORE, this **29th** day of July, 2005, it is ordered that ADP's Motion for Preliminary Injunction (Docket No. 28) is denied.

BY THE COURT:

/S/Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge